Good morning, your honors. Charles Fleischman for Mr. Ermovick, the plaintiff and appellant. This is the second time this case is before the Ninth Circuit. The prior time, the opinion of the court pointed out certain errors that the trial judge had made or certain facts or issues that had been overlooked. And virtually all of those issues have been overlooked again. I'd like to start with the standard of review. Before the court found, well, the standard of review should have been de novo in the trial court. I think that's what we said last time. Yes. And again, I think the court, the trial court applied, although we used de novo over and over again, applied a abuse of discretion standard of review. If we take a look at the findings of fact and conclusions of law, just as an example, the court found on Excerpts of Record 283 that, paragraph 6, that the opinions of the plaintiff's treating physicians are not entitled more weight than the opinion of any other medical providers consulted by credential, and cited Black and Decker v. Nord, which was an abuse of discretion decision. And if you were to apply that in the context of a de novo decision, you would have a situation where the judge who's supposed to be deciding these issues de novo has to look at what the decision of the insurance company was and go along with it, because if Black and Decker applies, the opinions of the plaintiff's treating physicians are not entitled more weight. And he can't he basically said I can't judge these opinions, and I have to go with the opinion that prevailed before the insurance company. If we end up agreeing with you that the district judge once again did not conduct a de novo review, what do we do? Do you want us to decide de novo even though we've not had any de novo review by the district judge despite two tries at it? I would suggest that we're dealing with a closed record. We're dealing with an administrative record, and this court is just as well suited to make that decision as the trial court. There's no live witnesses to evaluate. There's no witness before the district judge. So you've got all the evidence that the district court had. The other alternative is to send it back to another judge. And ask for attorney's fees from the first judge? No, I would hope not. So your position is that there has never been an independent and thorough inspection of the entire record? By the trial judge, no. He's applied the abuse of discretion standard of review instead of de novo. Going on to my other points. So in other words, in the end, someone has to do it? Yes. The other point is he failed to address the fact that Prudential cut off the long-term disability benefits seven months after granting them under the ENEOC test, and there was no evidence of any change of my client's condition. Was there any evidence that they actually granted anything by the standard applicable to long-term payments? Yes. They paid. They paid. There's a letter also in the record which says we reviewed everything under the ENEOC stamp test, and you qualify. At the beginning of the seven-month period? Yes. Or near the beginning of the seven-month period? Yes. And then all of a sudden they just seven months later decided that he didn't qualify anymore. Is there a different standard that applies when the insurance company simply re-evaluates the evidence it had before, or do we treat the denial of long-term disability benefits when they say, listen, we just changed our mind because we looked at it again? Do we treat it as if this was an initial denial instead of a denial after a grant? Does that make a difference? I'm aware of a long line of cases that say that if you grant benefits, you better have some good reason, using the same test. And the test doesn't change. Is there any Ninth Circuit precedent on that? Yeah. SAFON versus Wells Fargo. That only hints at it, doesn't it? I'm sorry, what? That case only hints at that. Well, yes, yes. But that's as close as I think the Ninth Circuit has come. It said, yeah, it was more addictive than it was the holding. But in this case right here, although it's not a published decision, this decision, the first MROC decision was recognized, it could be law of the case in this situation. Also, I want to point out that when they made that decision, seven months after granting him the disability under the tough test, they changed their mind, but they never had a doctor look at it, review the records before they changed their mind. They just, there's nothing in the record that predates the denial, showing that a doctor reviewed any of the records. They have a, the first, I think, doctor report they have is from a doctor that saw it several months after the denial. And he didn't even sign the report. It's just sort of a soap note, what they call a soap note, which one person writes what this doctor told them. So they didn't even have any medical basis for the change of opinion. And did the district court look at this issue of the changed opinion at all? No. Or any evidence that the district court looked at it? Huh? Or is there any evidence that the district court looked at it? I guess that's probably a better way to put it. There's evidence. Well, I argued it below. There's no evidence that the district court considered it. I argued it below, and the Ninth Circuit told the judge to look at it. Then, also, there was a failure to address the insurance company's failure. Well, the district judge did address it. I'm not sure the district judge addressed it satisfactorily. The district judge says, best I can come out of it is a matter that has to do, I don't think the fact that they did give him some, you know, like everybody, people make mistakes. And when they go back and think about it and get it done, they may come up with different conclusions. I don't think that that fact is one which controls my determination, the de facto de novo review of the record. I mean, he does respond. Yes. It's not a very lengthy response and so on, but. And it didn't deal with any of the authorities or this court's statement on that. There was also the issue of their failure to, the insurance company's failure to respond to my questions to them. They said they wanted objective evidence of the condition. Well, I interpreted their denial letters, they wanted objective evidence of the condition that was causing the disability. And he had all these x-rays and MRIs and CT scans and all that. And then I asked him specifically, I said, what type of objective evidence are you looking for? And I asked him that twice in two letters. And they never responded at all. They didn't respond until argument, this last argument for the district court, where for the first time, the attorney for the insurance company brought up a functional capacity evaluation. When, of course, it's too late to do that now. And that's the Saffold v. Wells Fargo case. Also, they changed the basis for denying the benefits twice in the administrative process and two more times in the trial court. Originally, it was because there was no objective evidence, and it was all self-reported complaints. And then they said that in the final denial, they said it's because there's a provision in the policy that limits self-reported complaints to two years, and there's no such provision in the policy. And then they came up and said he can work, he should have had a functional capacity evaluation. And then they came up and said he can work part-time. And that was in the last trial. And that was never raised in the administrative review. And, again, of course, he adopted the verbatim findings of fact and conclusions of law without changing anything. What do we do with this one handwritten entry at the end? I think that just — I think — I don't think the judge really thought about what de novo review meant. And he pictured himself as an appellate court sitting and deciding whether the trier of fact below, the insurance company, had enough evidence to support its decision. The court has reviewed the findings of fact and conclusions of law and finds them supported by the evidence and the law. It's his findings of fact that he's reviewing. You know, it's like saying I read over my brief and I think it's brilliant. Or the findings of fact submitted by somebody else and I think they're okay. Yeah. Okay. Why don't we hear from the other side and you save some time. May it please the Court. My name is Robert Cooper and I represent Prudential in this appeal. First, I'd like to point out the issues that are not in dispute in this case. Number one, there's no dispute that plaintiff, Mr. Ermovich, had physical impairment in terms of having medical issues. So the real issue in this case on appeal is whether the medical conditions that he had were sufficiently severe so as to preclude him to perform a substitute job that was reasonably similar to the qualifications he had. Plaintiff has argued that... But the policy requires that he can't do any work for long-term disability. With respect to the post-biennial benefits, which is after 24 months, correct. And that's what's now in dispute. There's no dispute that the policy requires him to be so disabled that he cannot perform a similar job. It doesn't have to be identical to the job that he had. In other words, if he cannot perform a job that's similar in terms of the qualifications or the training that he has had previously as a ward processor, then he would be entitled to benefits under the post-biennial coverage provision as long as he provides satisfactory evidence that his physical impairment is that severe. With regards to... In addition to raising this substantive issue, one of the arguments, obviously, as we just heard, is that Prudential changed its analysis in terms of its reasoning for denying benefits. And I don't think that that's a fair characterization of the administrative record. As we discussed in our appellate brief, what happened was the initial denial letter framed the basis of the denial as based on self-reports. The subsequent letters discussed this issue in terms of lack of objective evidence. And when you think about that issue, those are really opposite sides of the same coin. It's either subjective or lack of objectivity. And plaintiff is trying to use those two interchangeable explanations as some sort of new ground that we had come up with in order to deny the claim, and I don't think that that's accurate. The policy does not specifically refer to, quote-unquote, objective evidence, but it does say that the claimant has the burden to present, quote, satisfactory evidence in order to substantiate his claim. Let me ask you this. I'm inclined to read both the formal findings of facts and conclusions of law assigned by the district judge and I'm inclined to read his oral statements in court as not actually performing a de novo review, even though the district judge recites that he's performing a de novo review. And I'm inclined to read it as not performing a de novo review because of the district judge's repeated references to supported by substantial evidence and the like. Can you talk me out of my tentative conclusion that the district judge did not, in fact, perform a de novo review? Sure. If we examine the evidence in terms of the reporter's transcript, I should say, the judge specifically referred to the specific portions of the administrative record that was presented by both sides. That's on page 259 of the excerpts where the judge was quoting some of the medical evidence that was presented and the judge specifically talks about the medical conditions and it goes on to page ER 260. I think it's hard for a judge to do that unless he or she has actually reviewed the underlying administrative record. Oh, no, I'm not talking about that. I'm not talking about whether he actually reviewed the record. I'm talking about the standard under which he reviewed the record because if it's a de novo standard, he does not give any deference to any other fact finding by some earlier fact finder. On the other hand, if he's giving deference, we're quite familiar with the words, well, it's supported by evidence in the record and so on. And he keeps talking about the underlying finding as supported by evidence in the record rather than saying I independently find. That's where I'm coming from when I say I don't think he performed a de novo review. I'm not questioning whether he read the record. Okay. I did see that comment that the judge made at the end of the proposed findings that we had submitted. I don't think in and of itself that shows that the judge was applying a differential standard of review. I think if a judge is applying a differential standard of review, the judge would say there's reasonable grounds for both sides to make this determination and since I have discretion, I favor this side over the other. The judge really didn't say that. For example, I'm just reading from the top of ER 269, lines two through four. Tell me when you get there. I'm here. The district judge says the mere fact that the plan administrator's decision is contrary to some of the evidence in the record does not show that the decision was erroneous. And at my review, the plan's administrator's decision under the de novo review is supported by the evidence. Well, there's some, at a minimum, a logical conflict in what he's saying. I mean, this is not a straightforward and coherent statement or set of statements that I am not giving any deference to what the administrator did. I'm just deciding this de novo. And I can point you to other language, but that's the problem I'm having. I think if you also look at page 268, maybe that may put it in the context. That's where the judge begins that paragraph where he indicates that I believe the record supports it and I have gone over the findings of fact. In other words, this is not a judge rubber stamping the findings of fact that we have submitted, which I should mention plaintiff had ample opportunity to object to, which he never did,  Yeah, but again, that very language, and I think the findings of fact support, are supported by evidence in the file, in the administrative file. I studied each one and, yeah, okay. I think at the end of the day, even if the court were to make that determination that the judge applied the wrong standard, our position is that that would be a harmless error because there's simply no evidence in the record to establish the real issue, which is the severity of the impairment, as opposed to the medical evidence that plaintiff has repeatedly emphasized, which simply addresses an undisputed issue in terms of whether he had a physical impairment in the first place. So even if the judge applied the wrong standard, our position is that that would be a harmless error because, again, there's no evidence to substantiate the real issue, which is whether the physical impairment was sufficiently severe so as to preclude him from doing the substitute job. If we were to conclude that the district judge, even though he read the administrative record, did not perform a de novo review, but rather gave deference to the finding of the administrator, what do we do? What happens? We still contend that that would not be necessarily a basis for reversal based on the harmless error doctrine that I just discussed. Are you then inviting us to do our own de novo review? Is that what you're saying we should do? Because for me to make a harmless error determination, I think I have to decide what de novo review would have produced. I think that's accurate. And 28 U.S.C. 2106 gives appellate courts, obviously, broad remedies. Ideally, we'd like not to be in that position, but if that's where the court is going, I think the court would be able, under that particular statute, to conduct its own review in this particular case. And if we agree with you to affirm and if we disagree with you to reverse and award benefits? I've seen the Ninth Circuit do that. I think that would not be totally inconsistent with the broad remedial powers that this Court has, but obviously our position ideally is not to get there. Right, of course. Now, I understand that you'd prefer to win the case, and this is not quite that question. As between our simply deciding the question one way or the other and being just done with it, and on the one hand, and on the other hand, our remanding it either to this judge or to a different district judge, do you have a preference? Yes, we would rather have it remanded to either this judge or to a different district judge. I think if I could go back to this judge, what happens if the choice is we decide it or we remand it and send it to a different district judge? Well, plaintiff has made the allegation that the judge is biased, or at least that's the implicit suggestion. I don't think I go along with bias, but let me just posit that we might not send it back to the same district judge. I can certainly understand that. So now your choice is, and I just want your preference. I'm not guaranteeing we do one way or the other. I'm not even sure yet that we're going to find that the district judge didn't conduct an over-review. But if we hold that the judge did not conduct an over-review, would you prefer that we decide it as a de novo matter and then the case is over, or that we remand it to a different district judge? Do you have a preference between the two? I believe we would prefer to have it remanded to a district judge. A different one? Correct. Okay. If those are the options, I would agree with you. Okay. But you also agree, don't you, that if this court were to apply the harmless error doctrine, as you suggest, we would have to do a de novo review of the record if we find the wrong standard was applied? Correct. I think it's hard for me to argue against that. I do like to point out a couple of other flaws, what we consider to be flaws in terms of the arguments that were raised in the oral argument today and in the opening brief. Specifically, plaintiff has claimed that we failed to disclose the main reason for our denial and that we had changed the rationale for doing that, citing the trial counsel's comment at the last trial where the functional capacity evaluation was raised. But if you examine that part of the trial discussion, the reporter's transcript, all trial counsel was really saying is just using the FCE as just one example of different types of objective evidence that plaintiff could have and should have presented. And also I think it's important to point out the fact that plaintiff did know specifically what we were seeking at least two years before he hired counsel, Mr. Fleischman, to represent him in this case. And that's reflected on page 219 of the record. It's a letter from his own physical therapist that was issued on May 8, 2003, that says, quote, we are unable to give specific objective quantitative accounts of his functional slash occupational tolerances at this time. So in other words, his own doctor, his own physical therapist, knew as early as 2003 what sort of objective evidence we were seeking. The only excuse that the doctor gave is that Mr. Ermovic was no longer being treated by him and that he was transferred to another facility, according to this letter, and therefore this doctor could not provide us with the objective evidence that we were seeking. And I'm not sure how we can be blamed for his own failure to either communicate with his subsequent doctors or for his own failure to follow up with his own doctors to present the evidence that his own doctors knew we were seeking. What he's saying now is that we failed to tell him what we needed, but again, page 219 shows that his own doctors knew what we were seeking. The only problem he had, the doctor had, was that he was no longer treating Mr. Ermovic, so that's why he couldn't give us what we were seeking. What response do you have, if any, to the point that he was given seven months of long-term, you know, post-two-year disability payments, and that in order to change that you ought to have some additional evidence or new evidence or something like that? I think that's an attempt to revise the terms of the policy because the policy puts the burden on the claimant to present the evidence to establish a basis for the claim. Once we gave him the benefits or once we started paying the seven months of benefits under the biennial coverage, post-biennial coverage, that by itself should not trigger some sort of stoppable basis, which is what it sounds like he's claiming. And we cited cases that say that an insurance company should not be punished for giving benefits on an interim basis and then be sought to be stopped. What is there in the record that shows that you were giving these benefits only on an interim basis? Your adversary argues, no, you made a determination, you started paying, and then you changed your mind. Was there something in the initial award of the post-biennial benefits, as to say the any occupation benefits, in which you indicated to the policyholder, excuse me, to Mr. Hermovic, that this was just interim until you finally made up your mind? The letter that was sent does say that there has to be evidence of continuing disability, and I have the page reference. When we approved the benefits for the post-24-month period. And can you put my nose in that letter? Sure. That's the April 4, 2003 letter, and that's on page 59. APR 59? Correct. It says we have determined that you are totally disabled as required. Benefits will continue, provided that you remain totally disabled under the terms of the plan. So again, we're reminding the claimant that just because we're giving him benefits at this time, this is not a permanent solution. But that doesn't sound like that's interim. It sounds as though they've made the determination, and that if nothing changes, he gets to keep his benefits. And there's nothing in the record, at least as I see it, that shows that his condition has changed. It shows that you've re-evaluated the condition. But unless I'm mistaken, there's nothing in the record to show that his condition changed in those seven months. Let me read the next sentence, and then it says, periodically we will contact you and your attending physician for updated medical information, which is what we did, as evidenced by that physical therapist's letter that I just cited. That was dated May 03, which was after this letter was sent, awarding the benefits under the annual occupation. Put my nose in that letter. That's on page 219. So a month after we wrote that letter giving him benefits, we received this letter from his own physical therapist indicating that the therapist is unable. This is the last paragraph. We are unable to give specific, objective, quantitative accounts of his functional-slash-occupational tolerances at this time. So here you have a situation where we're giving the claimant the benefit of the doubt by authorizing benefits until we do a full investigation. And now essentially he seeks to punish us for erring on the side of caution by giving him the benefits. Had we not done that, he would have said, well, why did you do that? You should have paid me the benefits until you do your full investigation. And I think that should, I believe that answers Your Honor's question. Okay. Okay. And I think it's also important to point out that- You're over time, so if you have one last point or want to sum up, please feel free to do so. Okay. I think at the end of the day when we look at the evidence, at most all plaintiffs can accomplish is to argue that the court should have accepted his doctor's interpretation of the medical records versus ours. And that sort of argument, I think by definition, precludes a finding that the trial court's decision was clearly erroneous because at most we would have two permissible views of the evidence. And as this court is fully aware, that is the ultimate definition of not being able to meet the clearly erroneous standard in order to challenge the trial court's factual findings. And finally, the only other comment I have is that plaintiff is claiming that we did not have a medical doctor review the records before termination. But if you look at the CFR, Dakota Federal Regulations 29 CFR section 2560.503-1, it says that a qualified medical health professional can do that. And our position is that to the extent that the determination was made based on a nurse's review, a registered nurse, she certainly would qualify as a qualified medical health professional. Okay. So unless the Court has any other questions, I would say. Thank you. Thank you. I did not argue that the trial judge was biased against the plaintiff. I don't know if he has a bias or not. It doesn't matter. My question is what am I supposed to do, or rather what are we supposed to make of this letter from Robert Louis, the one on ER-219? The letter from his doctor? That's, again, as handled in Saffron v. Wells Fargo, where they wrote to the doctor, and the doctor never replied, and they took this as evidence of something. A doctor is not a lawyer for the client, and they have all that language in Saffron. This is a doctor that they wrote to after my client was no longer, or physical therapist, after my client is no longer seeing him. So my client, and he writes back. My client isn't CC'd on the letter as far as I know. My client is not made aware that this is the evidence that they're looking for. This is what the physical therapist thinks they're looking for. But my client is never told. I myself wrote them two letters asking them what type of objective evidence are you looking for, and they never bothered to respond at all. Now, is your argument that this then doesn't come under the last sentence of the grant letter? The last sentence says, Periodically we will contact you and your attending physician for updated medical information. Either the contemplation was that both would be contemplated, you and your attending physician, or perhaps at the time that Mr. Louis writes back, he's not the attending physician. How do I deal with the last sentence of that paragraph in the grant letter, and this letter from Dr. Louis? They're going to contact his doctors. This wasn't one of his doctors when they contacted him. He had other doctors. He was always under the care of doctors. He was a member of Kaiser, and he was getting, I hope I'm not getting my clients confused. He was always under the care of doctors. I think he was under the care of doctors. Okay. This was not one of his doctors, and he wrote back and says, I'm not one of his doctors. But when I asked, what are you looking for, they never bothered to tell me. And he says that an FCE is just an example of what they were looking for. That's fine, but they didn't give us that example until we argued the second time in the trial court. The time to give that under SAFL is when there's an opportunity to do it. We're not asking for anything other than communication, which is how they say in Boonton v. Lockheed, civilized people communicate with each other in their daily lives. They say they want objective evidence of disability. I mean, I know objective evidence of a broken back, but what is objective evidence of the disability from the broken back if it isn't the X-rays of the broken back? Is there something else? Obviously, they think there is, so tell us what it is, and then we'll try to get it. He said they didn't change the reason for the denial. If you look at Excerpts of Record 74, it was always that my client was self-reported problems and that there's no objective evidence, forgetting all the X-rays and everything else. But if you look at ER 74, at the second to the last paragraph there, it says, Disabilities due to a sickness or injury which, as determined by Prudential, are primarily based on self-reported symptoms have a limited pay period during your lifetime. They changed it from we have no objective evidence of your injury or your disability to the reason that disability based on self-report is limited in the policy. Well, there's no such limitation in the policy at all. And they've got that in quotes, and they say it's in the policy. It's not in the policy. I asked them in a letter, I can't find it. Where is it in the policy? They never bothered to explain that. But that's an entirely new reason from their original reason. Yeah. Well, it's not in quotes. It's got a quotation at the beginning, and then there's no closing quotation. It's half in quotes. Well, it's just, yeah. Okay. It's a semi-quote. When we talk about, I forgot to mention one thing. The Black and Decker issue, the issue about treating doctors and whether you can give them more weight or not, there's the Jebbian case in the Ninth Circuit that says that under de novo review, you can give them any weight you want, depending on, you know. Okay. Okay. I think you got it. Can I just say one more thing? My client has been waiting for, I think it's been seven years, maybe it's five years, but for his benefits, his disability benefits. And whatever decision the court takes, it would be appreciated by him and myself if it would be the one that would resolve this thing the quickest. Okay. Thank you. Thank you. I take both sides for your argument. I'm hoping versus Mitchell Silverberg, not long-term disability, submitted Semper Energy versus Marsh has been removed from the calendar. So that completes our argument for the day. Thank you very much. Thank you. Thank you. Thank you.
judges: Tunheim, Canby, Fletcher W.